UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOEL L. ROBINSON,

                   Plaintiff,

    v.

UNITED STATES POSTAL SERVICE,
et al.,

                   Defendants.

CASE NO. C22-6014 BHS

ORDER

THIS MATTER is before the Court on Defendant United States Postal Service's (USPS) Motion to Dismiss, Dkt. 8, and on pro se Plaintiff Joel Robinson's Motion for Reconsideration, Dkt. 11, of the Court's Order, Dkt. 9, denying Robinson's motion for Default, Dkt. 6. Both motions involve the efficacy of Robinson's attempt to serve USPS.

Robinson sued in December 2022, asserting a *Bivens*[1] claim against USPS and three unnamed "Jane Doe" employees, alleging that the employees tampered with his mail. Dkt. 1. Robinson obtained summonses from the Clerk, and sent them by certified mail to the U.S. Postmaster General in Washington D.C. Dkts. 2 and 4. He moved for

---

[1] *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

1  default, Dkt. 6, and, because the service was not effective under Rule 4, the Court denied

2  his motion. Dkt. 9.

3        Meanwhile, USPS moved to dismiss, arguing that Robinson has failed to properly

4  effect service on any defendant, the 90 day period for service under Fed. R. Civ. P. 4(m)

5  has expired, and Robinson cannot plausibly assert a *Bivens* claim against USPS as a

6  matter of law because it is not a "person" for purposes of such a claim. Dkt. 8.

7        Dismissal under Federal Rule of Civil Procedure 12(b)(6) may be based on either

8  the lack of a cognizable legal theory or the absence of sufficient facts alleged under a

9  cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

10 1988). A plaintiff's complaint must allege facts to state a claim for relief that is plausible

11 on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial

12 plausibility" when the party seeking relief "pleads factual content that allows the court to

13 draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

14 Although the Court must accept as true the complaint's well-pled facts, conclusory

15 allegations of law and unwarranted inferences will not defeat an otherwise proper Rule

16 12(b)(6) motion to dismiss. *Vazquez v. Los Angeles Cnty.*, 487 F.3d 1246, 1249 (9th Cir.

17 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A]

18 plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more

19 than labels and conclusions, and a formulaic recitation of the elements of a cause of

20 action will not do. Factual allegations must be enough to raise a right to relief above the

21 speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and

22 footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-

defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pro se plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Id*.

On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, when the facts are not in dispute and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

Under Local Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. The term "manifest error" is "an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." *Black's Law Dictionary* (11th ed. 2019).

USPS argues and demonstrates that Robinson did not serve the U.S. Attorney or the Attorney General, as required under Fed. R. Civ. P. 4(i). It also argues that Rule 4(m)'s 90 day period for service has expired.

Robinson's response to the motion and his own substantially similar motion for reconsideration argue that he "always" serves the state and the U.S. Attorney General's office. He purports to demonstrate the veracity of this statement by showing that, on

1   December 30, he served by certified mail: "1. Impeachment of Patty Murray." Dkt. 10 at

2   4–5.

3         USPS responds that this case involves different a subject matter than whatever he

4   apparently attempted to serve, that the tracking number he provides shows that the claim

5   or document he mailed was not actually delivered, and that he still has not demonstrated

6   he served the U.S. Attorney under Rule 4(i). Dkt. 13 at 2. USPS also points out that

7   Robinson has not addressed its argument that his *Bivens* claim against it is not cognizable

8   as a matter of law, because USPS is not a "person." Dkt. 13 at 4 (citing *F.D.I.C. v.*

9   *Meyer*, 510 U.S. 471, 483–86 (1994) (*Bivens* claim cannot be brought against a federal

10   agency)).

11         The Court agrees on each point. The case has not been properly served, and

12   Robinson's claim that he properly served some other claim or document undermines any

13   claim that there is good cause for extending the 90-day period for service under Rule

14   4(m). Furthermore, and in any event, Robinson's *Bivens* claim against USPS is defective

15   as a matter of law, and he cannot amend his complaint to remedy that defect.

16         Robinson's Motion for Reconsideration, Dkt. 11, is **DENIED**. USPS's motion to

17   dismiss Robinson's claims under Rule 12(b)(6) is **GRANTED** and his claim against

18   USPS is **DISMISSED with prejudice** and without leave to amend. His *Bivens* claims

19   against the three unnamed employees are **DISMISSED without prejudice**, for lack of

20   timely service.

21         The Clerk shall enter a judgment and close the case.

22   *//*

1    IT IS SO ORDERED.

2    Dated this 25th day of May, 2023.

3

4    _____

5    BENJAMIN H. SETTLE
     United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22